TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Acting Section Chief
MEREDITH L. FLAX, Assistant Section Chief
ASTRID STUTH CEVALLOS, Trial Attorney (MD Bar)
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel:  (202) 305-5751
Fax:  (202) 305-0275
Email: Astrid.Cevallos@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | No. 9:22-cv-00134-DWM |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Federal Defendants the U.S. Department of the Interior; Deb Haaland, in her official capacity as Secretary of the U.S. Department of the Interior ("Department"); the U.S. Fish and Wildlife Service ("Service"); and Martha Williams, in her official capacity as Director of the Service (collectively, "Federal Defendants"), by and through counsel, provide the following Answer to Plaintiffs' Complaint, ECF 1.

## INTRODUCTION

1.      The allegations in Paragraph 1 are Plaintiffs' characterizations of their case and legal conclusions to which no response is required.

2.      The allegations in the first sentence of Paragraph 2 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. The allegations in the second sentence of Paragraph 2 appear to characterize unnamed scientific studies, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, and context. Federal Defendants admit the allegations in the third sentence of Paragraph 2.

3.      With respect to the allegations in the first sentence of Paragraph 3, Federal Defendants admit only that the Service reintroduced gray wolves into Yellowstone National Park and central Idaho during the 1990s. The remaining allegations in the first sentence of Paragraph 3 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. With respect to the allegations in the second sentence of Paragraph 3, Federal Defendants admit only that wolf populations in the Northern Rocky Mountains have grown since the 1990s. The remaining allegations in the second sentence of Paragraph 3 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. The allegations in the third sentence of Paragraph 3 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

4.      The allegations in the first sentence of Paragraph 4 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. With respect to the allegations in the second sentence of Paragraph 4, Federal Defendants admit only that gray wolves in the Northern Rocky Mountains are not currently protected under the Endangered

Species Act ("ESA"). The remaining allegations in the second sentence of Paragraph 4 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. The allegations in the third and fourth sentences of Paragraph 4 characterize provisions of state laws, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, and context. The remaining allegations in the third and fourth sentences of Paragraph 4 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

5.  With respect to the allegations in Paragraph 5, Federal Defendants admit only that, on June 1, 2021, the Service received a document authored by Center for Biological Diversity ("CBD") and The Humane Society of the United States ("HSUS") titled "Emergency Petition to Relist Gray Wolves (Canis lupus) in the Northern Rocky Mountains as an Endangered or Threatened 'Distinct Population Segment' [("DPS")] Under the Endangered Species Act" (May 26, 2021) ("Petition"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, and context of the Petition. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5, and therefore deny the allegations.

6.  The allegations in Paragraph 6 purport to characterize the ESA, 16 U.S.C. § 1533(b)(3)(A), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

7.  Federal Defendants admit the allegations in the first sentence of Paragraph 7. The allegations in the second sentence of Paragraph 7 purport to characterize the Service's 90-Day Finding for Two Petitions To List the Gray Wolf in the Western United States, 86 Fed. Reg. 51,857 (Sept. 17, 2021) ("90-day finding"), which speaks for itself and provides the best evidence

of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

8. With respect to the allegations in the first sentence of Paragraph 8, Federal Defendants admit only that the Service issued a positive 90-day finding on the Petition. The remaining allegations in the first sentence of Paragraph 8 purport to characterize the ESA, 16 U.S.C. § 1533(b)(3)(B), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context. With respect to the allegations in the second sentence of Paragraph 8, Federal Defendants admit only that the Service has not issued a finding addressing whether the action requested in the Petition is not warranted, warranted, or warranted but precluded ("12-month finding"). 16 U.S.C. § 1533(b)(3)(B). The remaining allegations in the second sentence of Paragraph 8 are legal conclusions to which no response is required.

9. The allegations in the first sentence of Paragraph 9 are Plaintiffs' characterizations of their case to which no response is required. The allegations in the second sentence of Paragraph 9 state legal conclusions to which no response is required. The remaining allegations in the second sentence of Paragraph 9 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

## JURISDICTION

10. The allegations in Paragraph 10 are legal conclusions to which no response is required.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required.

12. With respect to the allegations in Paragraph 12, Federal Defendants admit only that, on June 3, 2022, they received a letter notifying them of Plaintiffs' intent to file a lawsuit. The remaining allegations in Paragraph 12 are legal conclusions to which no response is required.

13. The allegations in Paragraph 13 are legal conclusions to which no response is required.

## VENUE

14. The allegations in Paragraph 14 are legal conclusions to which no response is required.

## PARTIES

15. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, fourth, and fifth sentences of Paragraph 15 and therefore deny the allegations. The allegations in the third sentence of Paragraph 15 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

16. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fourth and sixth sentences of Paragraph 16 and therefore deny the allegations. In response to the allegations in the fifth sentence of Paragraph 16, Federal Defendants admit only that HSUS and other entities filed a lawsuit in the U.S. District Court for the Northern District of California challenging the Service's rule titled Endangered and Threatened Wildlife and Plants; Removal of the Gray Wolf (Canis lupus) From the List of Endangered and Threatened Wildlife, 85 Fed. Reg. 69,778 (Nov. 3, 2020) ("Delisting Rule"). The remaining allegations in the fifth sentence of Paragraph 16 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

17. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, and third sentences of Paragraph 17 and therefore deny the allegations. The allegations in the fourth and fifth sentences of Paragraph 17 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

18. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore deny the allegations.

19. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore deny the allegations.

20. The allegations in the seventh sentence of Paragraph 20 are Plaintiffs' characterizations of their case and legal conclusions to which no response is required. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 and therefore deny the allegations.

21. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore deny the allegations.

22. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore deny the allegations.

23. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 23 and therefore deny the allegations. The remaining allegations in Paragraph 23 are Plaintiffs' characterizations of their case and legal conclusions to which no response is required.

24. The allegations in Paragraph 24 are Plaintiffs' characterizations of their case and legal conclusions to which no response is required.

25. With respect to the allegations in Paragraph 25, Federal Defendants deny that the Department is charged with administering the ESA for non-marine species and aver that it administers the ESA for terrestrial and freshwater plant and animal species and certain marine species. Federal Defendants admit the remaining allegations in Paragraph 25.

26. Federal Defendants admit the allegations in the first sentence of Paragraph 26. The allegations in the second sentence of Paragraph 26 are Plaintiffs' characterizations of their case to which no response is required.

27. With respect to the allegations in Paragraph 27, Federal Defendants admit only that the Service is an agency within the Department to which the Secretary of the Interior has delegated authority to administer the ESA with regard to terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 27 are legal conclusions to which no response is required.

28. Federal Defendants admit the allegations in the first sentence of Paragraph 28. The allegations in the second sentence of Paragraph 28 are Plaintiffs' characterizations of their case to which no response is required.

## LEGAL BACKGROUND

29. The allegations in Paragraph 29 purport to characterize the ESA, 16 U.S.C. § 1531(a)(3) and (b), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

30. The allegations in Paragraph 30 purport to characterize the ESA, 16 U.S.C. § 1533(a), and its implementing regulations, 50 C.F.R. § 402.01, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, and context.

31. The allegations in Paragraph 31 purport to characterize the ESA, 16 U.S.C. § 1532(6), (16), and (20), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

32. The allegations in Paragraph 32 purport to characterize the ESA, 16 U.S.C. § 1532(16), and 61 Fed. Reg. 4722 (Feb. 7, 1996), which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, and context.

33. The allegations in the first sentence of Paragraph 33 are legal conclusions to which no response is required. The remaining allegations in Paragraph 33 purport to characterize the ESA, 16 U.S.C. §§ 1532(5)(A), 1533(a)(3)(A), (f), 1534, 1535(d), 1536(a)(2), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

34. The allegations in Paragraph 34 purport to characterize the ESA, 16 U.S.C. §§ 1538(a)(1)(B), 1539, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

35. The allegations in Paragraph 35 purport to characterize the ESA, 16 U.S.C. § 1533(d), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

36. The allegations in Paragraph 36 appear to characterize the ESA, 16 U.S.C. § 1533(b)(3), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

37. The allegations in Paragraph 37 purport to characterize the ESA, 16 U.S.C. § 1533(b)(3)(A), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

38. The allegations in Paragraph 38 purport to characterize the ESA, 16 U.S.C. § 1533(b)(3)(A), (B), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

39. The allegations in Paragraph 39 purport to characterize the ESA, 16 U.S.C. § 1533(b)(3)(B)(ii), (6)(A), (6)(A)(i), (B)(i), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

40. The allegations in the first sentence of Paragraph 40 are legal conclusions to which no response is required. The remaining allegations in Paragraph 40 are Plaintiffs' characterizations of their case to which no response is required.

41. With respect to the allegations in Paragraph 41, Federal Defendants admit only that the Service has not issued a 12-month finding on the Petition. The remaining allegations in Paragraph 41 are Plaintiffs' characterizations of their case and legal conclusions to which no response is required.

**FACTUAL BACKGROUND**

42. The allegations in Paragraph 42 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

43. With respect to the allegations in the first sentence of Paragraph 43, Federal Defendants admit only that the U.S. Congress passed a wolf bounty that covered the Northwest Territories in 1817. The remaining allegations in the first sentence are too vague and ambiguous

to permit a response, and Federal Defendants deny the allegations on that basis. With respect to the allegations in the second sentence of Paragraph 43, Federal Defendants admit only that, when the gray wolf was listed under the ESA in 1974, aside from a few scattered individuals in the western United States, the only known gray wolves in the United States occurred in Minnesota and Isle Royale National Park. The remaining allegations in the second sentence are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

44. With respect to the allegations in the second sentence of Paragraph 44, Federal Defendants admit only that gray wolves began establishing a population in the Northern Rocky Mountains after they were reintroduced to Yellowstone National Park and central Idaho. The remaining allegations in Paragraph 44 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

45. With respect to the allegations in the first sentence of Paragraph 45, Federal Defendants admit only that gray wolves in the Northern Rocky Mountains are not currently protected under the ESA. The remaining allegations in Paragraph 45 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

46. The allegations in Paragraph 46 characterize provisions of Idaho state law, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, and context.

47. The allegations in Paragraph 47 characterize provisions of Montana state law, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, and context.

48. The allegations in the first and second sentences of Paragraph 48 purport to characterize the opinion in *Defenders of Wildlife v. U.S. Fish & Wildlife Service*, No. 21-cv-

00344-JSW (N.D. Cal. Feb. 10, 2022), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context. With respect to the allegations in the third sentence of Paragraph 48, Federal Defendants admit only that gray wolves in the Northern Rocky Mountains are not currently protected under the ESA. The remaining allegations in the third sentence of Paragraph 48 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

49. With respect to the allegations in the first sentence of Paragraph 49, Federal Defendants admit only that Federal Defendants received the Petition on June 1, 2021. The remaining allegations in Paragraph 49 appear to characterize the Petition, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

50. Federal Defendants admit the allegations in the first sentence of Paragraph 50. The allegations in the second sentence of Paragraph 50 purport to characterize the 90-day finding, 86 Fed. Reg. 51,857 (Sept. 17, 2021), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, and context.

51. With respect to the allegations in Paragraph 51, Federal Defendants admit only that the Service has not issued a 12-month finding on the Petition. The remaining allegations in Paragraph 51 are legal conclusions to which no response is required.

## CLAIM FOR RELIEF

52.     (34)[1] Federal Defendants hereby incorporate the responses to all preceding paragraphs by reference.

53.     (35)  With respect to the allegations in Paragraph 53 (35), Federal Defendants admit only that the Service has not issued a 12-month finding on the Petition. The remaining allegations in Paragraph 53 (35) are legal conclusions to which no response is required.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Request for Relief, to which no response is required.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified. To the extent that any allegation in Plaintiffs' Complaint remains unanswered, Federal Defendants deny such allegations.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint against Federal Defendants, deny all of Plaintiffs' claims for relief and costs, and grant such further relief to Federal Defendants as the Court may deem just and proper.

---

[1] Plaintiffs' Complaint labels what should be Paragraphs 52 and 53 as (second) Paragraphs 34 and 35. Federal Defendants have labeled their responses to these paragraphs using consecutive numbering but have indicated in parentheses how the paragraph they are responding to is identified in Plaintiffs' Complaint.

Dated: October 14, 2022                    Respectfully submitted,

                                              TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Acting Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney (MD Bar)
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel:       (202) 305-5751
Fax:      (202) 305-0275
Email:   Astrid.Cevallos@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the District of Montana using the CM/ECF system.

/s/ *Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney (MD Bar)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel:     (202) 305-5751
Fax:    (202) 305-0275
Email:  Astrid.Cevallos@usdoj.gov

*Attorney for Federal Defendants*